IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LIZ SOMARRIBA,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 13-cv-072-RWT |
| **GREENPOINT MORTGAGE FUNDING, INC.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On October 16, 2012, Plaintiffs Liz Somarriba and Benito Alonso filed a *pro se* Bill of Complaint against Defendants Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Wachovia Bank ("Wachovia"), Merrill Lynch, and Wells Fargo, in the Circuit Court for Montgomery County, Maryland. ECF No. 2. The Plaintiffs allege an assortment of claims against the Defendants, all of which relate to the mortgage, Deed of Trust, and foreclosure of the Plaintiffs' home in Silver Spring, Maryland. *Id.* On January 8, 2013, the Defendants removed the action to this Court. ECF No. 1.[1]

## BACKGROUND

On May 18, 2005, Plaintiff Liz Somarriba executed an Adjustable Rate Note in favor of

---

[1] In their filings, the Defendants clarify the entities against which the Plaintiffs appear to assert their claims. *See, e.g.*, Mot. to Dismiss at 1 n.1, ECF No. 13. The Defendants note that Geenpoint Mortgage Funding "is not a business entity currently in existence, and the remaining named entities are misnamed and/or have merged into new entities whose interests are now represented by Wells Fargo or U.S. Bank." *Id.* They explain that Wachovia merged with and into Wells Fargo effective December 30, 2010. *Id.* Further, they note that on "August 30, 2011, Mortgage Electronic Registrations Systems, Inc. ('MERS') assigned all interest in the Deed of Trust at issue in this matter to U.S. Bank, N.A., as successor trustee to Wachovia Bank, N.A., as Trustee for the Certificateholders of the MLMI Trust Mortgage Loan Asset-Backed Certificates, Series 2005-A6." *Id.*

Greenpoint in the amount of $218,400.00. ECF No. 13-1 at 3; Adjustable Rate Note, Loan No. 0086863479 (May 18, 2005), ECF No. 13-3. The loan related to the Plaintiffs' real property at 13815 Palmer House Way, Silver Spring, Maryland 20904. *Id.* Also on May 18, 2005, the Plaintiffs executed a Deed of Trust, with Mortgage Electronic Registrations Systems, Inc. ("MERS") acting as nominee for Greenpoint. *See* Deed of Trust, ECF No. 13-2.[2]

The Deed of Trust provides that, in the event that the Plaintiffs default on their obligations, the lender may institute foreclosure proceedings against the property. *See* ECF No. 13-2 at ¶ 22. On August 30, 2011, MERS assigned its interests in the Deed of Trust to U.S. Bank, N.A. *See* Assignment of Deed of Trust (Aug. 30, 2011), ECF No. 13-4.

The Plaintiffs allege that Greenpoint provided them with a loan "without proper diligence," and qualified them for a loan even though it "knew or should have known that Plaintiffs could not qualify." Compl. ¶¶ 18, 19, ECF No. 2. The Plaintiffs also allege that the loan was securitized "with the Note not being properly transferred" to Wachovia. *Id.* ¶ 24. Further, they allege that certain interests relating to their property were "not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the [Pooling and Servicing Agreement ('PSA')]." *Id.* ¶ 25.

The Plaintiffs allege that the Note and Deed of Trust were not assigned properly under the PSA, and that any purported transfer or assignment of the Deed of Trust is void. *Id.* ¶¶ 26-29. Due to the Defendants' alleged failure to complete a lawful securitization transaction concerning the property at issue, the Plaintiffs claim that none of the Defendants "hold a

---

[2] In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "may properly take judicial notice of matters of public record." *Phillips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Id.*

perfected and secured claim in the" property, and therefore the Defendants cannot assert a claim against the Plaintiff's property. *Id.* ¶ 45. The Plaintiffs' Complaint includes ten Counts brought against the Defendants: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement, (4) Intentional Infliction of Emotional Distress; (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and (10) Rescission.

## PROCEDURAL HISTORY

On October 16, 2012, Plaintiffs Liz Somarriba and Benito Alonso filed their *pro se* Bill of Complaint in the Circuit Court for Montgomery County, Maryland, in Case No. 369709-V. ECF No. 2. On January 8, 2013, Defendants U.S. Bank and Wells Fargo removed the action to this Court, asserting that the Court has federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. ECF No. 1.

U.S. Bank and Wells Fargo filed a Motion to Dismiss Plaintiffs' Complaint on January 14, 2013. ECF No. 13. On January 14, 2013, the Plaintiffs filed a Verified Petition for Temporary Restraining Order and/or Preliminary Injunction, requesting that the Court issue an Order restraining the Defendants from transferring or further encumbering ownership of Plaintiffs' property, and requiring the Defendants to show cause why they should not be so enjoined. ECF No. 18. The Court denied Plaintiffs' Petition on January 16, 2013. ECF No. 20.

On March 15, 2013, the Plaintiffs filed a Motion to Dismiss and Strike Notice of Removal [ECF No. 24], and a Motion to Cancel Trustee's Deed and Proceed with Trial [ECF No. 25]. That same day, the Plaintiffs filed another Verified Emergency Petition for Temporary

Restraining Order and/or Preliminary Injunction, which was substantially similar in content to their previously filed Petition. ECF No. 26. On March 20, 2013, the Court denied Plaintiffs' second Petition for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 27.

On April 1, 2013, the Defendants filed an Opposition to Plaintiffs' Motion to Dismiss and Strike Notice of Removal [ECF No. 28], and an Opposition to Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial/Reply in Support of Motion to Dismiss [ECF No. 29]. The Plaintiffs filed a Motion to Strike Plaintiffs [sic] Opposition and Cancel the Deed Claim Made by Plaintiff on April 10, 2013. ECF No. 30. On April 24, 2013, the Defendants filed an Opposition to Plaintiffs' Second Motion to Strike Entitled "Motion to Strike Plaintiffs' Opposition and Cancel the Deed Claim Made by Plaintiff." ECF No. 31.

On May 10, 2013, the Plaintiffs again requested injunctive relief by filing a Motion for Temporary Restraining Order Pursuant to F.R.B.P. Rule 7065 by Affidavit. ECF No. 32. On May 13, 2013, the Plaintiffs filed a "Brief of the Argument Presented During Trial," which is docketed as a supplemental opposition to the Defendants' Motion to Dismiss. ECF No. 34. On May 16, 2013, the Court denied the Plaintiffs' Motion for Temporary Restraining Order Pursuant to F.R.B.P. Rule 7065 by Affidavit. ECF No. 33. On May 30, 2013, the Defendants filed a Motion to Strike Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Dismiss. ECF No. 36.

## **STANDARD OF REVIEW**

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has further articulated the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ANALYSIS

I. **Defendants' Motion to Dismiss**

The Plaintiffs' Complaint is comprised of vague statements alleging impropriety by the Defendants in their actions concerning the Plaintiffs' mortgage and real property. Even a high-powered magnifying glass equipped with the finest convex lens would not allow the Court to identify specific factual allegations sufficient to save the Plaintiffs' Complaint from dismissal. At least one judge in this District—indeed, in this very Courthouse at Indian Creek[3]—dismissed a complaint with nearly identical allegations. *See Puryear, et al. v. Dynamic Capital Mortgage, Inc., et al.*, 12-cv-03703-AW, ECF No. 7 (D. Md. 2012) (dismissing case where complaint included "vague allegations of mortgage fraud"). The Court will grant Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 13] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the Plaintiff's allegations concerning mortgage fraud and related misconduct are "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement [which] fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court will address each Count contained in the Plaintiffs' Complaint below.

A. **Count One: Lack of Standing**

In Count One of their Complaint, the Plaintiffs claim that the Defendants have no legal

---

[3] *See* Frederick Quinn, *Courthouse at Indian Creek: The First Five Years of the Greenbelt,*

5

interest in the real property at issue, and request that the Court "restrain" and "enjoin" the Defendants from certain "wrongful conduct" relating to the property. Compl. ¶¶ 46-63, ECF No. 2. But here, "of course, Defendant[s] [are] not seeking affirmative relief but [are] simply defending a suit brought against [them] and, thus, Plaintiffs['] 'standing' arguments are misplaced." *Suss v. JP Morgan Chase Bank, N.A.*, Civil Action No. WMN–09–1627, 2009 WL 2923122, at *4 (D. Md. Sept. 10, 2009). To the extent that Count One seeks injunctive relief, the Court has already rejected such relief on three previous occasions, and will deny it here for the same reasons. *See* ECF Nos. 20, 27, 33.

Further, the Note, Deed of Trust, and related assignment documents reveal that the Defendants transferred interests in the Plaintiffs' mortgage loan in transactions routinely upheld by courts, and the Plaintiffs fail to suggest with factual support that such transactions were unlawful. *See* ECF Nos. 13-2, 13-3, 13-4; *Anderson v. Burson*, 35 A.2d 452, 460 (Md. 2011) (A "note may be transferred, and carries with it the security provided by the deed of trust."); Md. Code Ann., Com. Law § 9-203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."). Accordingly, Count One will be dismissed because it contains insufficient factual allegations and does not plead a cognizable cause of action.

### B. Count Two: Fraud in the Concealment; Count Three: Fraud in the Inducement

In Count Two, the Plaintiffs assert that the Defendants "concealed" the fact that their loans were securitized and the nature of such securitization in order to induce the Plaintiffs to enter into the loans, and they seek to recover damages stemming therefrom. Compl. ¶¶ 64-66,

---

*Maryland Federal Courthouse* (2002).

ECF No. 2. In Count Three, the Plaintiffs claim that the Defendants intentionally misrepresented to the Plaintiffs that they had certain rights in the Deed of Trust and Note, which induced the Plaintiffs to enter into loans causing them financial harm. *Id.* ¶¶ 67-74.

Counts Two and Three of Plaintiffs' Complaint each concern fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under Maryland law, "[i]n order to recover damages in an action for fraud or deceit, a plaintiff must prove (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation." *Nails v. S & R, Inc.*, 639 A.2d 660, 668 (Md. 1994). The elements of a claim for fraudulent concealment include the following: "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999).

Here, the Plaintiffs failed to plead particularized facts, such as the time, place, and contents of any false representations or the identities of the wrongdoers, in support of their claims that the Defendants fraudulently concealed or induced them. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (noting that the "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and

7

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'") (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)). The Plaintiffs' allegations concerning fraud fail to meet the particularity requirements of Rule 9(b), and also fail to provide sufficient factual support to support these claims under Maryland law, and therefore Counts Two and Three will be dismissed for failure to state a claim upon which relief can be granted.

### C. Count Four: Intentional Infliction of Emotional Distress

In Count Four, the Plaintiffs maintain that the Defendants' conduct has "threatened [them] with the loss of" their property, causing them to experience "severe emotional distress," and they request punitive damages for such harm. Compl. ¶¶ 75-85, ECF No. 2. Under Maryland law, a claim of intentional infliction of emotional distress has four elements: "(1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) [t]he emotional distress must be severe." *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114 (Md. 2000) (quoting *Harris v. Jones*, 380 A.2d 611, 614 (1977)) (internal quotation marks omitted). "The Court of Special Appeals has stated that '[e]ach of these elements must be pled and proved with specificity.'" *Id.* (quoting *Foor v. Juvenile Servs. Admin.*, 552 A.2d 947, 959 (Md. Ct. Spec. App. 1989)).

The Plaintiffs fail to make allegations with any degree of specificity concerning "extreme and outrageous" conduct by the Defendants, and fail to plead facts that "if true, would rise to the level of *severe* emotional distress." *Id.* at 114 (emphasis in original). This latter failure would be fatal to Plaintiffs' claim on its own, as the Maryland Court of Appeals has expressed that

8

"[p]revious cases indicate the high burden imposed by the requirement that a plaintiff's emotional distress be severe." *Id.* The Plaintiffs merely allege in conclusory fashion that they "have suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression," among other unspecific allegations, caused by the Defendants' conduct. Compl. ¶¶ 82-84, ECF No. 2. "Nowhere does the complaint state with reasonable certainty the nature, intensity or duration of the alleged emotional injur[ies]." *Manikhi*, 758 A.2d at 115. Put simply, the Plaintiffs' conclusory allegations relating to their cause of action for intentional infliction of emotional distress fail to state a claim for which relief can be granted, and this claim will be dismissed.

### D. Count Five: Slander of Title

In Count Five, the Plaintiffs claim that "[a]t the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiffs and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means." Compl. ¶ 92, ECF No. 2. The Plaintiffs title Count Five as a cause of action for "slander of title." *Id.* at p. 22.

The Maryland Court of Appeals has reviewed a cause of action for "slander of title" or "injurious falsehood" in the following way:

> 'Injurious falsehood, or disparagement, then, may consist of the publication of matter derogatory to the plaintiff's title to his property, or its quality, or to his business in general, or even to some element of his personal affairs, of a kind calculated to prevent others from dealing with him, or otherwise to interfere with his relations with others to his disadvantage. The cause of action founded upon it resembles that for defamation, but differs from it materially in the greater burden of proof resting on the plaintiff, and the necessity for special damage in all cases. The falsehood must be communicated to a third person, since the tort consists of interference with the relation with such persons. But the plaintiff must plead and prove not only the publication and its disparaging

9

innuendo, as in defamation, but something more. There is no presumption, as in the case of personal slander, that the disparaging statement is false, and the plaintiff must establish its falsity as a part of his cause of action. Although it has been contended that there is no essential reason against liability where even the truth is published for the purpose of doing harm, the policy of the courts has been to encourage the publication of the truth, regardless of motive.

'In addition, the plaintiff must prove in all cases that the publication has played a material and substantial part in inducing others not to deal with him, and that as a result he has suffered special damage. The analogy is thus to the kind of personal slander which does not charge a crime or loathsome disease, or defame him in his business, profession, or office, and so is not actionable unless damage is proved.'

* * *

'There is liability when the defendant acts for a spite motive, and out of a desire to do harm for its own sake; and equally so when he acts for the purpose of doing harm to the interests of the plaintiff in a manner in which he is not privileged so to interfere. There is also liability when the defendant knows that what he says is false, regardless of whether he has an ill motive or intends to affect the plaintiff at all. The deliberate liar must take the risk that his statement will prove to be economically damaging to others; and there is something like the 'scienter' found in an action of deceit. Any of these three is sufficient to constitute 'malice' and support the action. But in the absence of any of the three there is no liability, where the defendant has made his utterance in good faith, even though he may have been negligent in failing to ascertain the facts before he made it.'

*Beane v. McMullen*, 291 A.2d 37, 49 (Md. 1972) (quoting Prosser, *Law of Torts*, at 919-922 (4th ed. 1971)). Here, the Plaintiffs fail to allege which publication is false, which one or more of the Defendants created the false publication, or that such publication played "a material and substantial part" in causing "special damage" to the Plaintiffs. *Id.* The Plaintiffs again fail to plead more than bare allegations in support of their claim for slander of title, and accordingly, Count Five will be dismissed.

### E. Count Six: Quiet Title

In Count Six, the Plaintiffs claim that they "are entitled to equitable relief by a judicial decree and order declaring Plaintiffs to be the title owner[s] of record of the Property as to the

effective date of said cancellation, and quieting Plaintiff[s'] title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem void, and avoiding any liens or encumbrances upon the Property created by Defendants or by their putative predecessors, or by any of them." Compl. ¶ 95, ECF No. 2. A claim to "quiet title" is one challenging an adverse claim on property. *See* Md. Code Ann., Real Prop. § 14–108(a) (providing that a person in possession of property "may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim"); *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982) ( "A quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied.").

Here, the Plaintiffs' Complaint lacks the factual allegations necessary to state a plausible cause of action to quiet title. The Plaintiffs make broad, sweeping claims concerning the general illegality of the Defendants' interests in their property, but do not plausibly allege with factual support any actual deficiency in the Defendants' interests. On the other hand, the Note and Deed of Trust that the Defendants provide with their Motion to Dismiss show that the Plaintiffs entered into mortgage transactions which, absent factual allegations suggesting otherwise, legally established interests for the Defendants in the property at issue. *See* ECF Nos. 13-2, 13-3, 13-4. For these reasons, Count Six of Plaintiffs' Complaint, captioned as a cause of action to quiet title, will be dismissed.

### F. Count Seven: Declaratory Relief

In Count Seven, the Plaintiffs "request a judicial determination of the rights obligations, and interest of the parties with regard to the Property," including a determination as to the

"validity of the Trust Deeds as of the date the Notes were assigned," and "a determination of whether any Defendant has authority to foreclose on the Property." Compl. ¶¶ 101-103, ECF No. 2. This request is one for declaratory relief.

"[T]he granting of declaratory relief is entrusted to the discretion of the district court." *Great American Ins. Co. v. Gross*, 468 F.3d 199, 209 (4th Cir. 2006) (citing 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration")). "'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Maryland law provides that "[a]ny person interested under a deed, will, trust, land patent, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, administrative rule or regulation, land patent, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it." Md. Code Ann., Cts. & Jud. Proc. § 3-406.

Here, the Plaintiffs' allegations are too vague and bare for the Court to render a declaration with respect to the parties' rights that would resolve a dispute or otherwise serve a useful purpose. The Plaintiffs request a far-reaching declaration from this Court, in which the Court would determine all of "the rights, obligations, and interests of the parties with regard to the Property." Compl. ¶ 101, ECF No. 2. Such a declaration, however, would be inefficient, impractical, and may not even lead to resolution of any present or future dispute between the

parties. Accordingly, the Court will dismiss Count Seven of Plaintiffs' Complaint.

### G. Count Eight: Violation of TILA, 15 U.S.C. § 1601, *et seq.*

In Count Eight, the Plaintiffs claim that the "Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA" and failed "to offer other loan products that might be more advantageous" for the Plaintiffs under the same "qualifying matrix." Compl. ¶ 106, ECF No. 2. The Plaintiffs also assert that "all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, *et seq.*, were tolled due to Defendants' failure to effectively provide the required disclosures and notices." *Id.* ¶ 107.

The Plaintiffs do not make clear how or when the Defendants violated TILA, and the inadequacy of their factual allegations supporting this claim is fatal to this Count. But while this Count must be dismissed for lack of adequate factual support, the Plaintiffs' TILA claims also fail because they are time-barred by TILA; the Plaintiffs failed to bring their claim within one year or three years of any alleged violation, whatever the nature of such violation might be. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation.").

In a TILA claim like that suggested by the Plaintiffs, "[t]he statute of limitations begins to

run when the borrower accepts the creditor's extension of credit." *Davis v. Wilmington Fin., Inc.*, No. PJM–09–1505, 2010 WL 1375363, at *5 (D. Md. Mar. 26, 2010). The Plaintiffs allege that they "entered into a consumer credit transaction with Greenpoint by obtaining a $218,400.00 mortgage loan secured by" their residence on or about August 30, 2005. Compl. ¶ 17, ECF No. 2. The Plaintiffs' TILA Count appears to relate to disclosures that Greenpoint failed to make during the consummation of this mortgage transaction. The Plaintiffs filed their Complaint, however, on October 16, 2012, more than seven years after the mortgage transaction, and therefore their TILA claim is time-barred, and the Court will dismiss Count Eight.

### H. Count Nine: Violation of RESPA, 1 U.S.C. § 2601, *et seq.*

In Count Nine, the Plaintiffs claim that the Defendants violated RESPA in the course of their dealing with the Plaintiffs' mortgage because they failed to disclose additional income they allegedly derived from interest rate increases, failed to provide notice to the Plaintiffs of "proper form and procedure in relation to the Borrower's Rights to Cancel," the payments between the Defendants were misleading and designed to create a windfall," and their "actions were deceptive, fraudulent, and self-serving." Compl. ¶¶ 115, 116, ECF No. 2.

The Plaintiffs do not identify or suggest which portion of RESPA the Defendants allegedly violated. Nonetheless, their claims would be time-barred under any potentially applicable RESPA provision. "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Bureau, the Secretary, the

Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation." *Id.* § 2614.

The Plaintiffs' allegations relate to the Defendants' alleged "windfall" payments and "additional compensation" stemming from their mortgage transaction, which suggests that Section 2607 is the provision under which they make their RESPA claim. *See* 12 U.S.C. § 2607 (prohibiting kickbacks and unearned fees). As noted above, the Plaintiffs allege that they entered into a mortgage transaction with Greenpoint on or about August 30, 2005, Compl. ¶ 17, ECF No. 2, but filed their Complaint on October 16, 2012; thus, any potential RESPA claims relating to loan origination are time-barred. Further, their factual allegations fail to support a cognizable claim under any section of RESPA, as they do not identify how the Defendants failed to comply with RESPA's requirements, received unlawful compensation, or otherwise acted in contravention of RESPA's provisions. Accordingly, the Court will dismiss Count Nine of Plaintiff's Complaint.

## I.  Count Ten: Rescission

In Count Ten, the Plaintiffs claim that they are "entitled to rescind the loan for all of the [following] reasons: 1) TILA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; and 4) Public Policy Grounds." Compl. ¶ 119, ECF No. 2. The Plaintiffs claim that TILA "extends Plaintiff[s'] right to rescind a loan to three years from the date of closing if the borrower received" certain "false or incomplete disclosures." *Id.* ¶ 120. They allege that the Defendants "failed to properly disclose the details of the loan"; specifically, "the initial disclosures do not initial TIL [sic] disclosures, and [the] lack of diligence on the part of the broker, lender, and underwriter to place[d]" the Plaintiffs in a loan that they "could not afford." *Id.* They claim broadly that the "public interest would be prejudiced by permitting the

alleged contract to stand; such action would regard an unscrupulous lender." *Id.* ¶ 121.

Section 1635 of the TILA provides that,

> in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with [applicable] regulations . . . , to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with [applicable] regulations . . . , appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a). Still, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor," with some inapplicable exceptions. *Id.* § 1635(f). As noted above, the Plaintiffs allege that they entered into the subject mortgage transaction on or about August 30, 2005, Compl. ¶ 17, ECF No. 2, but filed their Complaint over seven years later on October 16, 2012. Thus, their TILA claim for rescission, like their other purported TILA claims, is time-barred.

To the extent that the Plaintiffs' claim for rescission in Count Ten does not constitute its own cause of action, but rather is a request for relief based on other causes of action in the Complaint—namely, TILA violations and fraudulent concealment—the Count must still be dismissed. Because such underlying causes of action have been dismissed, the request for rescission in Count Ten will likewise be dismissed.

16

## II. Plaintiffs' Motion to Dismiss and Strike Notice of Removal

In their Motion to Dismiss and Strike Notice of Removal, the Plaintiffs write that they "have made the case and factual findings that there is fraud," that the "Defendants have not provided any proof for a valid standing position," and that they "seek to dismiss and strike Notice of Removal." ECF No. 24. The Plaintiffs' Motion is largely indecipherable, but to the extent that it is a motion to remand this case, the Motion fails.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As discussed above, the Plaintiffs' Complaint includes claims arising under federal law, including TILA and RESPA, and so this Court has subject matter jurisdiction. *See id.* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[4] The Court also has supplemental jurisdiction over the Plaintiffs' state law-based claims. *See id.* § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Defendant Wells Fargo was served with the Complaint and Summons on December 6,

---

[4] Defendants may also remove an on the basis of diversity jurisdiction. *See id.* § 1441(b); *id.* § 1331(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). The Plaintiffs are residents of Maryland, the Defendant entities are citizens of states other than Maryland, and the Defendants have demonstrated that the Plaintiffs' allegations place in controversy more than $75,000. *See* Notice of Removal, at ¶¶ 20-28, ECF No. 1. Accordingly, the Court also has diversity jurisdiction.

2012, and the Notice of Removal was filed on January 8, 2013. ECF No. 1, at ¶ 3. The Defendants' filed their Notice of Removal within thirty days of service, excluding certain days from computation as directed by Rule 6 of the Federal Rules of Civil Procedure, and so their Notice is timely. *See* 28 U.S.C. § 1446(b)(1). For these reasons, the Plaintiffs' Motion to Dismiss and Strike Notice of Removal [ECF No. 24] is denied.

**III.     Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial**

The Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial is a largely indiscernible document, but the Plaintiffs' appear to restate certain allegations contained in their Complaint and also claim that Greenpoint "has failed to comply with the statutory laws of the State as it is the foreclosing entity." ECF No. 25. The Plaintiffs request certain "damages" to "be determined by proof at trial." *Id.* at 2. To the extent that the Plaintiffs' Motion is actually an Opposition to the Defendants' Motion to Dismiss, it fails to save their Complaint, for the reasons discussed above. *See supra* Section I. If the Motion is a request that the Court expedite this matter for trial, the Court will deny such request, because the Complaint fails to state claims for which relief can be granted, and a trial upon such claims would be futile. Accordingly, the Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial [ECF No. 25] is denied.

The Plaintiffs also filed a Motion to Strike Plaintiffs [sic] Opposition and Cancel the Deed Claim Made by Plaintiff [ECF No. 30], which appears to request that the Court strike the Defendants' Opposition to Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial [ECF No. 29]. But the Plaintiffs fail to provide any reason—and the Court cannot identify one—to strike Defendants' Opposition. Therefore, the Plaintiffs' Motion to Strike Plaintiffs [sic] Opposition and Cancel the Deed Claim Made by Plaintiff [ECF No. 30] is denied.

Finally, the Defendants filed a Motion to Strike Plaintiffs' Supplemental Response in

Opposition to Defendants' Motion to Dismiss [ECF No. 36], which requests that the Court strike the Plaintiffs' "Brief of the Argument Presented During Trial" [ECF No. 34], which is docketed as a Supplemental Response in Opposition to the Defendants' Motion to Dismiss. The Court finds it unnecessary to grant the Defendants' Motion to Strike, because the Plaintiffs' filing does not include any substance that would change the Court's decision to dismiss this action. Accordingly, the Defendants' Motion to Strike Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Dismiss [ECF No. 36] is denied.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 13], and dismiss the Plaintiffs' Complaint [ECF No. 2]. The Court will deny the following motions: Plaintiffs' Motion to Dismiss and Strike Notice of Removal [ECF No. 24]; Plaintiffs' Motion to Cancel Trustee's Deed and Proceed with Trial [ECF No. 25]; Plaintiffs' Motion to Strike Plaintiffs [sic] Opposition and Cancel the Deed Claim Made by Plaintiff [ECF No. 30]; and Defendants' Motion to Strike Plaintiffs' Supplemental Response in Opposition to Defendants' Motion to Dismiss [ECF No. 36]. A separate Order follows.

Date: September 17, 2013                                    /s/
                                              ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE